IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD M. WILLIAMS, | No. CIV S-07-1345-FCD-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| J.F. SALAZAR, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion to dismiss (Doc. 36) the instant petition as untimely.

**I.  BACKGROUND**

Petitioner was convicted of second degree murder.  The jury found true the allegation that petitioner had used a deadly weapon.  He was sentenced on June 1, 2001.  On February 6, 2003, the California Court of Appeal affirmed the conviction and sentence on direct appeal.  The California Supreme Court denied direct review on April 16, 2003.

/ / /

Petitioner then filed a series of state post-conviction actions. Giving petitioner the benefit of the "mailbox rule," the following is a summary of the dates relevant to these actions:

| | | |
|---|---|---|
| First Action[1] | Sacramento County Superior Court | Filed June August 15, 2003<br>Denied November 13, 2003 |
| Second Action | California Court of Appeal | Filed December 3, 2003<br>Denied January 15, 2004 |
| Third Action | California Supreme Court | Filed March 4, 2004<br>Denied January 12, 2005 |
| Fourth Action | California Supreme Court | Filed March 19, 2004<br>Denied January 12, 2005 |
| Fifth Action | Sacramento County Superior Court | Filed February 6, 2005<br>Denied April 12, 2005 |
| Sixth Action | Sacramento County Superior Court | Filed May 5, 2005<br>Denied June 27, 2005 |
| Seventh Action | Sacramento County Superior Court | Filed June 30, 2005<br>Denied September 20, 2005 |
| Eighth Action | California Court of Appeal | Filed September 27, 2005<br>Denied October 6, 2005 |
| Ninth Action | California Supreme Court | Filed May 14, 2006<br>Denied December 20, 2006, as untimely |

Petitioner filed the instant federal petition on May 29, 2007.

/ / /

/ / /

/ / /

---

[1] It appears that petitioner filed a habeas petition in the Sacramento County Superior Court in 2001, before his conviction became final.

## II.  DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  See 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day.  See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002).  If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, ___ U.S. ___ (Nov. 5, 2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to

3

a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending"during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, ___ U.S. ___ (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

        There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

        In this case, the California Supreme Court denied direct review on April 16, 2003. Thus, petitioner's conviction became final on July 15, 2003, and the one-year clock began to run the following day.  Absent tolling, petitioner's federal petition was due by July 15, 2004.[2]  As to tolling, petitioner would be entitled to statutory tolling for the time properly filed state post-convictions actions were pending, and the intervals between them, so long as he was moving up

---

[2] 2004 was a leap year and, as a result, February 2004 had an extra day.

the levels of state court review.  Turning to his first four state court habeas petitions – which were filed in successively higher state courts and which respondent concedes were properly filed without unreasonable delay – the first such action was filed on August 15, 2003, and the last such action was denied on January 12, 2005.  By the time the first post-conviction action was filed, 30 days of the one-year clock had elapsed.  At the time the third action was denied, therefore, petitioner had 11 months remaining within which to file his federal petition.

As to the remaining state habeas petitions, the court agrees with respondent that interval tolling is not available for the time between denial of the fourth action and filing of the fifth action because petitioner was not proceeding to a higher state court.   Rather, his state post-conviction actions ended on January 12, 2005, with the California Supreme Court's denial and petitioner chose to begin the process again with his filing on February 6, 2005, in the Sacramento County Superior Court.  Therefore, by the time the second round of habeas petitions began with the February 6, 2005, filing, 25 days of the remaining 11 months had elapsed.

Similarly, assuming for the moment that petitioner would be entitled to some tolling for the time the second round of petitions was pending, he is not entitled to interval tolling between the fifth, sixth, and seventh actions because they were not filed in successively higher state courts.  The intervals for which petitioner is not entitled to tolling are:  April 12, 2005, through May 5, 2005 (24 days), and June 27, 2005, through June 30, 2005 (3 days) – a total of 27 additional days of the remaining 11 months.

As to the time between the denial of the seventh action by the Sacramento County Superior Court on September 20, 2005, through the date he filed his eighth action in the California Court of Appeal on September 27, 2005, the court will assume petitioner is entitled to interval tolling for this period.  The court will also assume for the moment that petitioner is entitled to interval tolling during the time the eighth action was pending (i.e., between September 27, 2005, and October 6, 2005).  As to petitioner's final action – the ninth action – filed in the California Supreme Court, that action was denied as untimely.  Therefore, it was not properly

filed and petitioner is not entitled to any tolling incident to the ninth action.

As stated above, by the time petitioner's first round of state post-conviction actions was concluded on January 12, 2005, 11 months of the one-year deadline remained. Continuing to assume that petitioner would be entitled to some kind of statutory tolling while the second round of actions was pending in the Sacramento County Superior Court, he is not entitled to any interval tolling for the time between the denial of the fourth action and filing of the fifth action (25 days) or interval tolling with respect to the times between the fifth, sixth, and seventh actions (27 days). Assuming tolling during the times the fifth, sixth, seventh, and eighth actions were pending, and the interval between the seventh and eighth actions, by October 6, 2005 – when the eighth action was denied – petitioner had 283 days left within which to file his federal petition. The instant federal petition was filed on May 29, 2007, well in excess of 283 days after October 6, 2005. Therefore, the court concludes that the instant petition is untimely.

This result would be the same even if the court were to find that petitioner was entitled to the 25 days interval tolling for the time between the denial of the fourth action and filing of the fifth action and the 27 days interval tolling with respect to the times between the fifth, sixth, and seventh actions. In essence, the federal petition is rendered untimely because the ninth post-conviction action was not properly filed and, therefore, no tolling results from this action. Petitioner's conviction was final on July 15, 2003. He filed his first round of habeas petitions one month later, leaving 11 months on the one-year clock. Giving petitioner the benefit of all tolling through the denial of the eighth post-conviction petition on October 6, 2005, the remaining 11 months had long since expired by the time the instant action was filed in May 2007.

Petitioner attempts to avoid dismissal by arguing that he is entitled to equitable tolling. Specifically, he indicates that various placements in administrative segregation (which petitioner describes as "lock-downs") prevented him from filing on time. However, the court agrees with respondent that petitioner's placement in administrative segregation can hardly be

6

considered a circumstance beyond his control.  See United States v. Van Poyck, 980 F. Supp. 1108, 1111 (C.D. Cal. 1997) (concluding that lock-downs and limited prison library access do not constitute extraordinary circumstances).

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that:

1.  Respondent's motion to dismiss (Doc. 36) be granted;

2.  Petitioner's motion for leave to amend (Doc. 44) be denied as moot; and

3.  The Clerk of the Court be directed to enter judgment of dismissal and close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 26, 2008

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE